UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID FRYE, TRUSTEE, | ) |
| INDIANA LABORERS WELFARE FUND, | ) CAUSE NO.: 1:18-cv-808 |
| INDIANA LABORERS PENSION FUND, | ) |
| INDIANA LABORERS TRAINING FUND, and | ) |
| INDIANA LABORERS DEFINED CONTRIBUTION TRUST FUND, | ) |
| Plaintiffs, | ) |
| v. | ) |
| KAREN HAAN, INC., | ) |
| Defendant. | ) |

## **COMPLAINT**

Come now the Plaintiffs, by their attorney, and for a cause of action against the Defendant allege and show to the court as follows:

1. This Court has jurisdiction based upon Section 502 of the Employee Retirement Income Security Act of 1974, (29 U.S.C. §1132); and Section 209(a) and (b) of the Employee Retirement Income Security Act of 1974, (29 U.S.C. §1059(a) and (b)); arising from the Defendant's violation and continued refusal to comply with collective bargaining agreements, Trust Plans and Trust Agreements.

2. Plaintiff's Indiana Laborers Welfare, Pension, Training, and Defined Contribution Trust Funds (hereinafter "Funds"), are employee benefit plans, within the meaning of Sections

3(1)(2)(3)(21) and 502 of the Employee Retirement Income Security Act of 1974, (29 U.S.C. § 1002(1)(2)(3)(21) and 1132). The Funds maintain their office and principal place of business in Terre Haute, Indiana.

3.   David Frye, a Trustee of the aforementioned Funds, is a fiduciary within the meaning of Section 3(21) of the Employee Retirement Income Security Act of 1974, (29 U.S.C. §1002) and brings this action on behalf of the participants and Trustees of the Plaintiff Funds. David Frye is a resident of Indianapolis, Indiana.

4.   Defendant Karen Haan, Inc. ("Haan") is an Indiana corporation with an office and place of business in Fort Wayne, Indiana.

5.   Defendant Haan is an employer and is a party in interest in industry affecting commerce within the meaning of Sections 3(5)(11)(12) and (14) and 209 of the Employee Retirement Income Security Act of 1974, (29 U.S.C. §1002(5)(11)(12) and (14) and §1059).

6.   Defendant Summit is a party to and has agreed to abide by the terms of a collective bargaining agreement between itself and LIUNA, State of Indiana District Council.

7.   Through the executed collective bargaining agreement, Defendant agreed to make contributions on behalf of its employees.  A true and accurate copy of the Acceptance of Working Agreement is attached hereto as Exhibit A.

8.   Through the executed collective bargaining agreement, Defendant further agreed to comply with the obligations as set forth in the Trust Agreements of the Plaintiff Funds.  These Trust Agreements require that the Defendant participate in a fringe benefit compliance audit upon request of the Funds.

10.   The purpose of the requested audit is to determine whether Defendant has made the contractually required contributions to Plaintiff Funds on behalf of Defendant's employees.

9. Defendant has refused to cooperate with the Funds' request for a fringe benefit compliance audit, including, but not limited to, failing to schedule this audit with the certified public accountant retained by the Funds.

10. By refusing to participate in the audit, Defendant has failed to perform its obligations under the terms and conditions of the collective bargaining agreement, the Trust Agreements with the Funds, and the Employee Retirement Income Security Act of 1974, as amended.

11. Against the Defendants' refusal to comply with the terms and conditions of its collective bargaining agreement with the Union, and the Trust Agreement, the Plaintiffs have no adequate remedy at law, and unless the Defendant is mandatorily compelled to comply with its written obligations, the Plaintiffs will suffer irreparable harm.

12. Plaintiffs are entitled by the terms of Section 502(g)(2) of the Employee Retirement Income Security Act of 1974, as amended by the Multi-Employer Pension Plan Amendments Act of 1980, to their attorney fees incurred in bringing this action against the Defendant.

WHEREFORE, Plaintiffs demand the following relief:

1. An order requiring the Defendant to produce its payroll and wage records in a fringe benefit compliance audit with the certified public accountant designated by Plaintiff Funds.

2. A judgment on behalf of Plaintiffs in the amount of its reasonable attorneys' fees and costs of this action, all as provided in 29 U.S.C. §1132(g)(2).

4. That the Court retain jurisdiction of this cause pending compliance with its Orders.

5.       For such other, further, or different relief as the Court may deem just and proper.

Respectfully Submitted,

/s/ Neil E. Gath
Neil E. Gath, Attorney No. 11193-49
*Counsel for the Plaintiffs*

GATH LAW OFFICE
P.O. Box 44042
Indianapolis, IN  46244
Telephone: (317) 489-5715
Facsimile:  (317) 602-2180
ngath@gathlaw.com